UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TROY ROLLINS,

        Plaintiff,

    v.

SLETTEN CONSTRUCTION COMPANY,

        Defendant.

Case No.  25-cv-04089-JD

**ORDER RE DISMISSAL AND TRANSFER**

Pro se plaintiff Troy Rollins alleges workplace discrimination claims against his former employer, defendant Sletten Construction Company, under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*.  Dkt. No. 9 (first amended complaint (FAC)).[1]  Sletten asks to dismiss the FAC or to transfer the case under 28 U.S.C. § 1404(a) to the District of Nevada, where it says one of its offices is located.  Dkt. No. 19.  Transfer is denied, and the FAC is dismissed with leave to amend.

With respect to a transfer, Sletten did not demonstrate that the District of Nevada is "'the more appropriate forum for the action'" in light of a "case-specific consideration of convenience and fairness."  *Yamasaki v. Natrol, LLC*, No. 23-CV-00182-JD, 2023 WL 5022284, at *1 (N.D. Cal. July 17, 2023) (quoting *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000)).  Most of the events in the FAC are said to have occurred on a construction site in Contra Costa County, California.  *See, e.g.*, Dkt. No. 9 at 2.  Sletten says that Rollins's personnel records are in Nevada, Dkt. No. 19-2 ¶ 5, but the location of a discrete and small set of written records is of little moment for assessing venue.  *See McCarthy v. Intercontinental Exch., Inc.*, No. 20-CV-05832-JD, 2021 WL 2806222, at *2 (N.D. Cal. June 3, 2021).  Sletten suggests that "[s]everal of

United States District Court
Northern District of California

---

[1] Rollins identified Sletten, Inc. as the defendant, but the proper name is Sletten Construction Company.  *See* Dkt. No. 19-2 ¶ 3.

United States District Court
Northern District of California

the key witnesses" are in Nevada, Dkt. No. 19-2 ¶ 4, but who they are and why a trial in this District might cause them undue inconvenience was left unsaid.  Overall, Sletten has not demonstrated that the fair and efficient litigation of this case would be better served in another court.

For dismissal, the FAC is read with a generous eye afforded to pro se litigants, but Rollins "still must satisfy the requirements of Rule 8 and state facts sufficient to allege a plausible claim." *Nordin v. Scott*, No. 3:21-CV-04717-JD, 2021 WL 4710697, at *1 (N.D. Cal. Oct. 8, 2021) (citation omitted), *aff'd*, No. 22-15816, 2023 WL 4418595 (9th Cir. July 10, 2023).

The FAC does not indicate that Rollins exhausted the remedies available before the Equal Employment Opportunity Commission (EEOC) before filing suit.  *See Young v. Peralta Cmty. Coll. Dist.*, No. 14-CV-05351-JD, 2015 WL 4735204, at *2 (N.D. Cal. Aug. 10, 2015) (citing *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990); *Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002)) (plaintiff alleging Title VII claims "must exhaust the remedies available through the EEOC").  The FAC mentions a "complaint with the equal employment opportunity commission," Dkt. No. 9 at 5, but did not say whether a right-to-sue letter was issued or denied, or when the EEOC acted.

Rollins may file by March 6, 2026, a second amended complaint that addresses this issue. No new parties or new claims may be added without the Court's prior consent.  Failure to meet the filing deadline or otherwise comply with this order will result in dismissal of the case pursuant to Federal Rule of Civil Procedure 41(b).  Rollins is advised he may file one opposition or response to motions and other documents filed by Sletten.  He should avoid filing multiple responses to the same document, as the ECF docket indicates that he has done on occasion.

**IT IS SO ORDERED.**

Dated: January 28, 2026

_____
JAMES DONATO
United States District Judge